## M. J. Kelleher, Appellant, v. The Chicago, St. Paul & Kansas City Railway Company.

**Statute of Limitations.** The statute of limitations does not begin to
1  run against a cause of action for damages, arising from the construction of an approach to an embankment, in the rear of plaintiff's property, until the approach is so far completed that it abuts
thereon.

**Estoppel.** One who, as a condition of a settlement of a claim against
2  a railway company for damages to his property caused by an
embankment, requires the company to build an approach from
his property thereto, cannot claim damages for the building of
such approach where it was properly erected, though the building
of the approach was but what the law required to be done.

*Appeal from Polk District Court.*—Hon. S. F. Balliet,
Judge.

### Saturday, February, 1, 1896.

Action at law, in which plaintiff seeks to recover
damages from defendant, for constructing an approach
to an embankment, erected by the railway company to
afford a crossing over its tracks from a certain alley
in the city of Des Moines, which is in the rear of the
plaintiff's property. The defendant pleaded the statute
of limitations, and a settlement had with the plaintiff
prior to the bringing of this action. A demurrer to the
answer was overruled, and, plaintiff electing to stand
thereon, judgment was rendered against him, from
which he appeals.—*Affirmed.*

*Henry S. Wilcox* for appellant.

*Cummins & Wright* for appellee.

Deemer, J.—It is alleged in the petition that the
embankment was constructed adjacent to plaintiff's

lots in the year 1885, and that in the year 1891, the defendant extended the embankment by building an approach thereto in the rear of plaintiff's lots, so that they now, and ever since, have abutted upon the portion of said embankment which is constructed as an approach. The first division of the answer pleads the statute of limitations. The second pleads that in 1890 plaintiff brought suit against the defendant for negligently constructing the embankment in such a manner as to obstruct the flow of water, and for neglecting to construct approaches to the embankment, so that plaintiff could cross over the same, and asked damages for the sum of six hundred dollars; that issue was duly joined in this suit, and thereafter, and on or about June 3, 1891, plaintiff and defendant orally settled and compromised the same, and all matters of difference, and claims or demands relating to the same, in which settlement plaintiff agreed to receive, in full satisfaction and discharge of the alleged claims and demands, the sum of two hundred dollars, with the costs of suit, and, as a further consideration for said discharge and satisfaction, plaintiff demanded, and defendant agreed that within a reasonable time it would build the approach in question, as part of its embankment; that the building of the approach was one of the things which the plaintiff demanded to be done as a part consideration for the settlement. And defendant further pleaded that, in accordance with this agreement of settlement, it paid plaintiff the two hundred dollars, and the costs of the suit, and, within a reasonable time thereafter, constructed the approaches, as required by the terms of the agreement of settlement. The plaintiff demurred to each division of this answer,—to the first, because the statute of limitations would not begin to run until the embankment was completed to such an extent as that plaintiff's property abutted thereon; and to the second,

because it appears that the claim sued upon in this action did not exist at the time of the settlement, and was not included in the said settlement. The demurrer was overruled as to each count of the answer, and, plaintiff electing to stand thereon, judgment was rendered against him.

I. As to the first division of the answer, we think the demurrer should have been sustained. The construction of the embankment adjacent to plaintiff's lots did not give him a right of action for the taking of his property. His right accrued when the approach was built so as to abut upon his premises. It was the construction of the approach, which caused the damages here sought to be recovered, not the building of the embankment. And the fact that the approach was contemplated, when the embankment was made, does not change the rule.

II. The demurrer to the second division of the answer, presents the question of settlement. And, before discussing this, it may be well to say that in the action originally brought by plaintiff, against defendant, settlement of which is relied upon as a defense, plaintiff, in an amendment to his petition, pleaded that: "When defendant built the embankment, it put sewer pipes at the sides of the streets, where they were crossed by said embankment, but soon after the council of the city of Des Moines, by resolution, directed and required the defendant to construct approaches to its embankment, and to extend the sewer pipes so as to serve proper drainage; but defendant neglected to comply therewith, so far as said pipes were concerned, and built the approaches so as to cover the pipes, and prevent the flow of water through them, and has ever since neglected to keep them open, and put them in condition fit for use;" and "that the council of the city of Des Moines, by resolution, passed about September 16, 1887, directed

and required the defendant to construct an approach to its embankment where it crossed said alley." We are then to determine whether the settlement of this cause of action, in manner and form as pleaded in the answer, bars plaintiff of his right to recover. It will be noticed that, according to the pleading, the plaintiff, as a part of the settlement, required defendant to build the very approach of which he complains. Can he now say that, by reason of its having been constructed, he is entitled to more compensation than defendant gave him in settlement? We think not. The plaintiff says that the defendant merely undertook to do what the law required of it. It may be this is true, but is the defendant to be mulcted in further damages, because it did what the plaintiff required of it as a condition of the settlement of the matter? Manifestly, this would be a most harsh and inequitable rule. He requested, and, in a sense, compelled the defendant to do the very thing of which he complains, and at the same time received two hundred dollars in money for the damages claimed to be due him by reason of the construction of the embankment; and he cannot now be heard to say that he suffered additional damages by reason of the construction of the approach, which he concedes was properly, not negligently, erected. It is contrary to every known principle of law for one to recover damages for the doing of an act which he insists upon being done, as a condition to the settlement of a claim for not doing the thing complained of. The court was in error in overruling the demurrer to the second division, but, as the third division is decisive of the case, no prejudice resulted, and the judgment is AFFIRMED.